United States District Court
for the
Eastern District of New York

FREEDOM MORTGAGE
CORPORATION               )
                        )
                        )  Civil Action No.  **18-cv-3058**

        Plaintiff      )
         v.            )  **COMPLAINT**
                        )
                        )

KINO J. WILLIAMS, BRUCHA  )
MORTGAGE BANKERS CORP., CITY  )
REGISTER OF THE CITY OF NEW  )
YORK, KINGS COUNTY, NEW YORK  )
STATE DEPARTMENT OF TAXATION  )
AND FINANCE, NEW YORK CITY  )
PARKING VIOLATIONS BUREAU, NEW  )
YORK CITY TRANSIT ADJUDICATION  )
BUREAU                   )

        Defendant(s)

     Plaintiff, by its attorneys Gross Polowy, LLC, for its complaint against the Defendants allege as follows:

## INTRODUCTION

     1.    This action is brought pursuant to New York Real Property Actions and Proceeding Law (RPAPL) Article 13, to foreclose a Mortgage encumbering 111 East 45th Street, Brooklyn, NY 11203, together with the land, buildings, and other improvements located on the Property ("Property"). The legal description of the Property is attached as Schedule A.

## PARTIES

     2.    Plaintiff is incorporated under the laws of the State of New Jersey with its principal place of business at 907 Pleasant Valley Avenue, Suite 3, Mount Laurel, NJ 08054. Plaintiff is the owner and holder of the subject Note and Mortgage or has been delegated authority to institute this Mortgage foreclosure action by the owner and holder of the subject Note and Mortgage. Attached here as Schedule B is a copy of the original note.

     3.    Defendant Kino J. Williams is a citizen of New York, and the owner of the Property.

     4.    Defendant Brucha Mortgage Bankers Corp. is a corporation or other business entity formed under the laws of the New York with its principal place of business in New York, and the holder of a lien encumbering the Property, named as a party Defendant herein to

extinguish said lien as set forth in Plaintiff's second cause of action.

5.     Defendant City Register of the City of New York, Kings County is a city agency existing under the laws of New York with its principal place of business in New York, and the holder of a lien encumbering the Property, which is subject and subordinate to Plaintiff's Mortgage.

6.     Defendant New York State Department of Taxation and Finance is a state agency existing under the laws of New York with its principal place of business in New York, and the holder of a lien encumbering the Property, which is subject and subordinate to Plaintiff's Mortgage.

7.     Defendant New York City Parking Violations Bureau is a city agency existing under the laws of New York with its principal place of business in New York, and the holder of a lien encumbering the Property, which is subject and subordinate to Plaintiff's Mortgage.

8.     Defendant New York City Transit Adjudication Bureau is a city agency existing under the laws of New York with its principal place of business in New York, and the holder of a lien encumbering the Property, which is subject and subordinate to Plaintiff's Mortgage.

9.     The Defendants claim an interest or lien encumbering the Property, which is either subordinate to Plaintiff's Mortgage, or paid in full, equitably subordinated, or adverse to Plaintiff's Mortgage.  The interest or lien of each defendant is attached as Schedule C.

10.     The interest or lien of any governmental entity is attached as Schedule D.

## STATEMENT OF JURISDICTION

11.     Federal subject matter jurisdiction exists pursuant to 28 USC §1332 because complete diversity exists among the Plaintiff and the Defendants and the amount in controversy, without interest and costs, exceeds the $75,000.00.

## VENUE

12.     Venue is proper pursuant to 28 USC §1391 because the Property is located in this District and a substantial part of the events and omissions giving rise to this action occurred in this District.

## FACTUAL BACKGROUND

13.     On or about July 31, 2012, Kino J. Williams executed and delivered a Note whereby Kino J. Williams promised to pay the sum of $284,759.00 plus interest on the unpaid amount due.

14.     As security for the payment of the Note Kino J. Williams duly executed and delivered a Mortgage, in the amount of $284,759.00 which was recorded as follows.

Recording Date: August 8, 2012
CRFN 2012000311939
City Register of the City of New York, Kings County

15.     The Mortgage was subsequently assigned to Freedom Mortgage Corporation.

## AS AND FOR A FIRST CAUSE OF ACTION,
## PLAINTIFF HEREIN ALLEGES:

16.     Kino J. Williams failed to make payment in accordance with the terms of the Note and Mortgage by not making the payment that was due on December 1, 2017 and subsequent payments.

17.     There is now due and owing on the Note and Mortgage the following amounts:

Principal Balance: $254,937.43
Interest Rate: 3.75%
Date Interest Accrues from: November 1, 2017

together with late charges, monies advanced for taxes, assessments, insurance, maintenance, and preservation of the Property, and the costs, allowances, expenses of sale, and reasonable attorney's fees for the foreclosure.

18.     In order to protect the value of the Property and its rights in the Property, the Plaintiff may have to pay taxes, assessments, water charges, insurance premiums, and other charges. Plaintiff requests that any amount it pays, together with interest, be included in the total amount due.

19.     Plaintiff has complied with the notice provision of the Mortgage and RPAPL Section 1304 and filed the information required by RPAPL Section 1306. The Mortgage was originated in compliance with all provisions of Section 595-a of the New York Banking Law and any rules or regulations promulgated thereunder, and, if applicable, Sections 6-l or 6-m of the Banking Law.

20.     No action was brought to recover any part of the Mortgage debt or if any such action is pending final judgment for Plaintiff was not rendered and it is the intent of the Plaintiff to discontinue it.

## AS AND FOR A SECOND CAUSE OF ACTION,
## PLAINTIFF HEREIN ALLEGES:

21.     Plaintiff repeats and re-alleges the allegations contained in Paragraphs "1" through 20, as though fully set forth herein.

22.     Upon information and belief, all the defendants herein have or may claim to have an interest in or lien upon the mortgaged premises which is prior to or adverse to Plaintiff's mortgage, or was paid, equitably subrogated, or subordinated to Plaintiff's mortgage. The reason for naming said defendants is set forth in Schedule "C and/or D" that is attached to this complaint.

23.     It appears from the public records that Brucha Mortgage Bankers Corp. holds a lien which is adverse to the Plaintiff's interest and which remains open of record as follows:

The City Register of the City of New York, Kings County has a lien on its records held by Brucha Mortgage Bankers Corp. which appears to be prior and adverse to the Mortgage being foreclosed:

Recording date: October 21, 1999
Book: 4627/Page: 1661
City Register of the City of New York, Kings County

Said mortgage was assigned by an assignment dated June 14, 1999 and recorded March 27, 2000 in the Office of the City Register of the City of New York, Kings County in Book 4824, Page 1347.

24.     The interest of Plaintiff in the property is set forth in paragraphs "1" and "2", above.

25.     Upon information and belief, all of the defendants are known, and none of them are infants, mentally retarded, mentally ill or alcohol abusers.

26.     Upon information and belief, there are no persons not in being or ascertained at the commencement of this action who by any contingency contained in a devise or otherwise, could afterward become entitled to a beneficial estate or interest in the property involved in this action, and any judgment rendered herein will not and may not affect any such person not in being or not ascertained at the time of the commencement of this action.

27.     The lien of Defendant Brucha Mortgage Bankers Corp. appears to be prior and adverse to the Mortgage being foreclosed and is/are subject to being extinguished as they pertain to the subject property pursuant to Article 15 of the Real Property Actions and Proceedings Law.

28.     Plaintiff hereby requests that the Judgment of Foreclosure and Sale state the following:

ORDERED, ADJUDGED AND DECREED, that the lien which appears to be prior and adverse to the Mortgage being foreclosed, namely the lien of Defendant Brucha Mortgage Bankers Corp., is/are hereby extinguished as they pertain to the subject property pursuant to RPAPL Article 15; and it is further

ORDERED, ADJUDGED AND DECREED, that all Defendant and all persons or entities claiming by, through or under them, be and are hereby forever barred and foreclosed of and from all right, claim, lien, interest or equity of redemption in and to said mortgaged premises; and it is further

ORDERED, ADJUDGED AND DECREED, that the record be reformed to reflect that the lien of Defendant Brucha Mortgage Bankers Corp. is/are extinguished as they pertain to the subject property;

ORDERED, ADJUDGED AND DECREED, that the City Register of the City of New York, Kings County upon the payment of its requisite fees, shall record and index a certified copy of this Order/Judgment in the same manner as the lien being extinguished; and it is further

**WHEREFORE, PLAINTIFF DEMANDS**:

a. Judgment accelerating the maturity of the debt and determining the amount due Plaintiff for principal, interest, late charges, taxes, assessments, insurance, maintenance and preservation of the Property and other similar charges, together with costs, allowances, expenses of sale, reasonable attorney's fees, all with interest;

b. A referee be appointed to sell the Property at auction to the highest bidder, in accordance with to RPAPL Article 13;

c. The interest of the defendant and all persons claiming by or through them be foreclosed and their title, right, claim, lien, interest or equity of redemption to the Property be forever extinguished;

d. The Plaintiff be paid out of the sale proceeds the amounts due for principal, interest, late charges, taxes, assessments, insurance, maintenance and preservation of the Property, and other similar charges, together with costs, allowances, expenses of sale, reasonable attorney's fees, all with interest, and that the sale proceeds be distributed in accordance with to RPAPL Article 13;

e. The property be sold in as is condition, subject to the facts an inspection or accurate survey of the Property would disclose, covenants, restrictions, easements and public utility agreements of record, building and zoning ordinances and violations, and the equity of redemption of the United States of America;

f. Plaintiff may purchase the Property at the sale;

g. A receiver be appointed for the Property, if requested by Plaintiff;

h. A deficiency judgment against Kino J. Williams, to the extent allowable by law, for the amount that remains due after distribution of the sale proceeds, unless the debt was discharged in a bankruptcy or is otherwise uncollectable, be granted if requested by Plaintiff;

i. If the Plaintiff possesses other liens against the Property, they not merge with the Mortgage being foreclosed and that Plaintiff, as a subordinate lien holder, be allowed to share in any surplus proceeds resulting from the sale;

j. That Brucha Mortgage Bankers Corp. interest in the mortgaged premises, and all persons or entities claiming by, through or under them, be extinguished as it pertains to the subject property, and that Brucha Mortgage Bankers Corp. and all persons or entities claiming by, through or under them, be barred and foreclosed of and from all right, claim, lien, interest or equity or redemption in and to said mortgaged premises

and that the Plaintiff be granted reformation of the record to reflect said lien being extinguished;

k.  Awarding the relief requested in the second cause of action stated in this complaint; and

l.  That the Court award Plaintiff additional relief that is just, equitable and proper.


Dated: May 15, 2018
      Westbury, New York

By:
/SJV/
Stephen J. Vargas, Esq.
Attorneys for Plaintiff
900 Merchants Concourse, Suite 412
Westbury, NY 11590
Tel.: (716) 204-1700

## **Schedule A**

Attached here as Schedule A is a copy of the original note. If applicable, certain non-public personal information has been redacted from the attached document.

Multistate

**NOTE**

JULY 31, 2012
[Date]

MELVILLE,
[City]

NEW YORK
[State]

111 EAST 45TH STREET, BROOKLYN, NY 11203
[Property Address]

### 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means CONTINENTAL HOME LOANS INC., A NEW YORK CORPORATION.

and its successors and assigns.

### 2. BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of \*\*\*\*\*\*TWO HUNDRED EIGHTY FOUR THOUSAND SEVEN HUNDRED FIFTY NINE AND NO/100\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* Dollars (U.S. $284,759.00    ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of  THREE AND THREE-FOURTHS                          percent (    3.750%   ) per year until the full amount of principal has been paid.

### 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

### 4. MANNER OF PAYMENT

(A) Time
Borrower shall make a payment of principal and interest to Lender on the          1ST          day of each month beginning on  SEPTEMBER 1, 2012.      Any principal and interest remaining on the          1ST          day of AUGUST,  2042      will be due on that date, which is called the "Maturity Date."
(B) Place
Payment shall be made at
175 PINELAWN RD, STE. 400
MELVILLE, NY 11747

or at such place as Lender may designate in writing by notice to Borrower.
(C) Amount
Each monthly payment of principal and interest will be in the amount of U.S.          $1,318.75.      This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.
(D) Allonge to this Note for payment adjustments
If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note.
[Check applicable box]   ☐ Graduated Payment Allonge      ☐ Growing Equity Allonge
                           ☐ Other [specify]

### 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

### 6. BORROWER'S FAILURE TO PAY

(A) Late Charge for Overdue Payments
If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of          15          calendar days after the payment is due, Lender may collect a late charge in the amount of  FOUR                                           percent (    4.000%   ) of the overdue amount of each payment.

(B) Default
If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

**(C) Payment of Costs and Expenses**

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____(Seal)
KINO J. WILLIAMS

PAY TO THE ORDER OF

WITHOUT RECOURSE

CONTINENTAL HOME LOANS INC.,
A NEW YORK CORPORATION

BY: Geraldine Tortorici
ITS: Vice President

FHA Multistate Fixed Rate Note - 10/95
Online Documents, Inc.

Page 2 of 2

P8700NOT  0804

## Schedule B - Legal Description

All that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

Beginning at a point on the easterly side of East 45th Street distant, 427 feet 6 inches northerly of the easterly side of East 45th Street with the said northerly side of Winthrop Street;

Running thence easterly parallel with Winthrop Street and part of the distance through a party wall, 100 feet;

Thence northerly parallel with East 45th Street 20 feet;

Thence Westerly parallel with Winthrop Street and part of the distance through a party wall 100 feet to the easterly side of East 45th Street;

Thence southerly along the easterly side of 45th Street, 20 feet to the point or place of beginning.

## <u>Schedule C-Defendants</u>

| | |
|---|---|
| Kino J. Williams | Borrower |
| Brucha Mortgage Bankers Corp. | Holder of a mortgage.<br>Named as a party Defendant herein to extinguish said Defendant's lien, as Plaintiff believes Defendant has been paid in full and that the lien of the Plaintiff is superior. |

## Schedule D – Defendants

| | |
|---|---|
| City Register of the City of New York, Kings County | Named to be jurisdictionally joined as a party defendant for the relief requested in plaintiff's second cause of action. |
| New York State Department of Taxation and Finance | Holder of a warrant, see attached |
| New York City Parking Violations Bureau | Holder of a lien, see attached |
| New York City Transit Adjudication Bureau | Holder of a lien, see attached |

```
Title No: 5482-18-012883

COUNTY CLERK SEARCH( 04/20/2018 )

Last Name: ( Williams )
First Name: ( Kino )
COUNTY: ( KINGS )

Run Date:  To: 04/20/2018
*****************************************************************

JUDGMENTS -

Kings County from ( 08/90 to 04/19/18 )

Search Parameters- Last:Williams     First:Kino

All Types Of Liens

Block:      Lot:                      Control No. 003308441-01
Book Type -- Judgments Docket         Index # E0347654500001
Judgment Type: NY STATE TAX WARRANT   Effective Date: 08/16/2014
Court:                                Expiration Date: 08/18/2034
Satisfaction: Full-03/25/2015
                                      Docket Date:08/19/2014
                                      Date Received:03/26/2015
Debtor Info:
WILLIAMS, KINO J
111    E 45TH ST
BROOKLYN            NY 11203-1812

Creditor Info:
NY STATE DEP'T OF TAXATION AND FINANCE


Amount: $256.66
------------------------------------------------------------------
END RETURNS
*****************************************************************

PVB - (Parking Violations Bureau - Ending Date 03/26/18)

Search Parameters- Last:Williams     First:Kino

WILLIAMS KINO J
111 E 45TH ST
BROOKLYN        NY 11203
No. of Judgments - 2       Plate No.-ELC9367

Amt: $250.00      Interest: $101.18
------------------------------------------------------------------
WILLIAMS K B
11211 168TH ST
JAMAICA         NY 11433
No. of Judgments - 2       Plate No.-GJU5836

Amt: $210.00      Interest: $62.38
------------------------------------------------------------------
END RETURNS
*****************************************************************

(Environmental Control Board (Fire and Building) - Ending Date 03/31/18)

Search Parameters- Last:Williams     First:Kino

END RETURNS
*****************************************************************

Uniform Commercial Code from ( 10/01/1988 - 04/19/18 )

Kings County
Search Parameters- Last:Williams     First:Kino

END RETURNS
*****************************************************************
```

```
Federal Tax Liens from ( 01/94 - 04/19/18 )

Manhattan, Bronx, Queens, Kings County
Search Parameters- Last:Williams     First:Kino

END RETURNS
**********************************************************************

TAB - (Transit Adjudication Bureau - from 07/14/1998 to 03/16/18)

Search Parameters- Last:Williams     First:Kino

WILLIAMS KINO
230 CLINTON ST
NEW YORK, NY 10002
TAB Violation No.: 110-088-550      Dated-05/19/2015
Amount: $169.64
---------------------------------------------------------------------
END RETURNS
**********************************************************************
```